[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10105
Non-Argument Calendar
_____

Agency No. A079-474-334

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2011
JOHN LEY
CLERK

JOSE FEDERICO OCHOA,
MANUELA OCHOA,
LAURA OCHOA,
MARTHA CECILIA JIMENEZ,

Petitioners,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 3, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Jose Ochoa, a native and citizen of Colombia proceeding pro se, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order.[1] The IJ's decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). No reversible error has been shown; we deny the petition in part and dismiss it in part.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). To reverse a fact

---

[1]Ochoa included his wife and two daughters as derivative beneficiaries in his asylum application; so, our decision about Ochoa also applies to them.

2

determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287. In part, the applicant must prove that any alleged persecution or fear of persecution was "at least in part" motivated by a protected ground. Sanchez Jimenez v. U.S. Attorney Gen., 492 F.3d 1223, 1233 (11th Cir. 2007).

Petitioner sought relief based on his political opinion. He worked as head of the paint department unit at an automobile assembly plant. As part of his job duties, Petitioner made reports to his supervisor about union activities within the company. He encountered problems at his workplace with a union operated by members of the National Liberation Army ("ELN") and Colombian Revolutionary Armed Forces ("FARC"). According to Petitioner, these guerilla groups wanted to inhibit the progress of the company and supply themselves with company

3

materials, thereby limiting Colombia's economic and social growth. Petitioner received many threats from the guerillas because they knew that he was making reports to management on their activities. The first threat Petitioner received was based on reports that detailed the theft of auto parts, union meetings, and the distribution of pamphlets. Guerillas threatened Petitioner for several years, including threatening death to him and his family if he did not stop making the reports.

On one occasion, Petitioner was hit by a car and sustained injuries for which he received medical care. A few months after this incident, Petitioner fled Colombia for the United States. After he left, Petitioner's wife continued to receive threatening phone calls from the guerillas.

The IJ concluded that Petitioner established no nexus between the incidents alleged and a protected ground. The BIA agreed, concluding that the threats Petitioner received from the guerillas plausibly could have been motivated to encourage compliance with their commands or as a reprisal for making the reports and concluding that refusal to cooperate with the guerillas did not constitute persecution because of political opinion. On appeal, Petitioner argues that the guerillas targeted him because of his political opinion and his "anti-terrorism" mentality. He claims that, in preparing the reports, he was opposing the guerillas'

4

criminal activities.

After review, we conclude that substantial evidence supports the BIA's conclusion that Petitioner established no nexus between the threats he received and his actual or imputed political opinion. Petitioner noted that he belonged to no political organizations in Colombia and no labor union at his job. Petitioner indicated that the guerillas wanted him to stop making his reports because it would interfere with their activities in attempting to destroy the company. He testified only in vague terms that the guerilla groups knew or cared about his political ideology.

The BIA reasonably concluded that the threats Petitioner received were because of his refusal to cooperate with the guerillas and refusal to cease his reports. And refusal to cooperate with guerillas is insufficient to show a protected ground. See Rodriguez Morales v. U.S. Attorney Gen., 488 F.3d 884, 891 (11th Cir. 2007) (concluding that petitioner's testimony that he told the FARC that he disagreed with their cause could support an inference of persecution because of political beliefs, but that the evidence equally supported an inference that he was threatened simply because of his refusal to provide dental services); see also Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (evidence that is consistent with the petitioner's failure to cooperate with guerillas does not

5

constitute evidence of persecution based on a statutorily protected ground). In addition, Petitioner's wife indicated that she did not know whether the car accident her husband experienced was related to the threats he received; and no other record evidence linked these incidents together.

Substantial evidence supports the BIA's decision that Petitioner was unentitled to asylum; and we are not compelled to reverse the BIA's decision. Petitioner's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4. We deny the petition on asylum.

Petitioner also challenges the denial of CAT relief. But Petitioner did not raise this challenge in his appeal to the BIA. Thus, he has not exhausted this claim; and we lack jurisdiction to consider it. See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2004) (explaining that we lack jurisdiction to consider a claim that an applicant did not raise before the BIA -- even if the BIA sua sponte addressed the claim -- because the applicant did not exhaust administrative remedies). We dismiss the petition to the extent Petitioner challenges CAT relief.

PETITION DISMISSED IN PART, DENIED IN PART.